UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-60085-ZLOCH

UNITED STATES OF AMERICA

v.

ERIC BEASLEY,

Defendant.

_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO COMPEL DISCLOSURE OF ANY STATEMENTS, ADMISSIONS,
CONFESSIONS, ATTRIUTABLE TO THE DEFENDANT [DE 32]**

The United States of America, through the undersigned Special Assistant United States Attorney, hereby files this Response to Defendant Eric Beasley's Motion to Compel disclosure of any statements, admissions, confessions, attributable to the Defendant [DE 32], and in opposition thereto states as follows:

**I. FACTUAL BACKGROUND**

On May 5, 2014, the Government provided to the Defendant both written and recorded statements of the Defendant [DE 19]. The statements the Defendant gave to Officer Cole and Detective Hancock on April 1, 2014 are contained in Officer Cole's and Hancock's Police Reports and were provided to the Defendant on May 5, 2014 [DE 19]. The audio and video recorded statements of the Defendant made to Detective Hancock were provided to the Defendant on May 5, 2014, via compact disk [DE 19].

The Defendant's statements given to Officer Cole and Detective Hancock were again provided to the Defendant on May 20, 2014 [DE 21]. The

Defendant's text messages to the victim in this case which were obtained from the Defendant's cellular phone were provided to the Defendant on May 22, 2014 [DE 24]. The Defendant's text messages to the victim in this case which were recovered from the victim's cellular phone were provided to the Defendant on June 17, 2014 [DE 26]. These are the statements of the Defendant the Government intends to use in its case-in-chief.

## II. DISCUSSION

Pursuant to Rule 16(a)(1)(A) the Government must disclose to the defense the substance of any relevant oral statements made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. In this case the Government has provided the oral statements of the Defendant and they are contained in the Officer Cole's and Detective Hancock's police reports. [DE 19] The Government has also provided the Defendant's statements that were sent to the victim via text messages. [DE 24].

Pursuant to Rule 16(a)(1)(B) the Government must disclose to the defense, and make available for inspection, copying or photographing, all of the following:

(i) Any relevant written or recorded statement by the defendant if:

- The statement is within the government's possession, custody, or control; and
- The attorney for the government knows – or through due diligence could know- that the statement exists;

(ii) The portion of any written record containing the substance of any

        relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

(iii)    The defendant's recorded testimony before a grand jury relating to the charged offense.

In this case, the Government has provided to the defense the audio and video recorded statement of the Defendant given to Detective Hancock. [DE 19] In short, the Government has provided to the defense all of the Defendant's statements made to law enforcement that the Government intends to use in its case-in-chief. The Defendant did not testify before the grand jury. The Government is aware of other statements made by the Defendant from jail, however, the Government has not listened to those calls and does not intend on using those statements made by the Defendant in its case-in-chief. The Government is not aware of a Rule that requires the Government to disclose to the defense all statements given by the Defendant to witnesses during the course of the criminal conduct. An order by this Court requiring the Government to disclose to the defense all statements made by the Defendant to every person during this four month contact with IM would be unduly burdensome.

For these reasons, the Government respectfully requests that this Court deny the Defendant's motion to compel disclosure of any additional statements, admissions, confessions, attributable to the Defendant.

                                                    Respectfully submitted,

                                                  WIFREDO FERRER
                                                UNITED STATES ATTORNEY

          By: s/ *M. Catherine Koontz*
          M. Catherine Koontz
          Special Assistant United States Atty
          Court Id A5501929
          500 Broward Blvd., 7th floor
          Fort Lauderdale, Florida 33394
          (954) 660-5940
          (954) 356-7336 (Fax)
          e-mail: ckoontz@usa.doj.gov

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on September 24, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.


          s/*M.Catherine Koontz*
          M.CATHERINE KOONTZ
          Assistant United States Attorney